UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RENEE RAIKES, individually
and as the parent of Justin
M. Wright and Derek T. Wright,
infants, GERALD RAIKES, JUSTIN
M. WRIGHT, an infant by Renee Raikes,
his mother, and DEREK T. WRIGHT, an
infant, by Renee Raikes, his mother,**

  Plaintiffs,

vs              Case No. 1:06-CV-76

**UNITED STATES OF AMERICA,**

  Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

This case concerns the liability of the United States for the actions of one of its employees under the Federal Torts Claims Act ("FTCA"). 28 U.S.C. §§ 1346, 2671 et seq. After review, the Court finds that the United States is immune because the claims asserted by the plaintiffs fall under an exception set forth in the FTCA.

### II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 25, 2002, plaintiff Renee Raikes ("Raikes") took her children to be examined at the Medical Center of Taylor County in Taylor County, West Virginia. During the course of Raikes' children's examination, the doctor, Rajeev Winfred ("Winfred"), an employee of the United States acting within the scope of his

employment,[1] allegedly commented on symptoms exhibited by Raikes and suggested that he examine her as well. Winfred allegedly used the examination, which was conducted in front of Raikes' children, as a pretext to touch Raikes in an unconsented to sexual manner.

As a result of this incident, Raikes initially filed suit individually and on behalf of her children in the Circuit Court of Monongalia County, West Virginia on January 23, 2004. The case was removed to this Court and, on April 11, 2005, dismissed for Raikes' failure to exhaust her administrative remedies. On June 10, 2005, Raikes submitted a Form 95 to the Public Health Service Claims Branch, United States Attorney, Office of General Counsel Department of Health and Human Services. The Government took no action on Raikes' claim for six months.

Having exhausted their administrative remedies pursuant to 28 U.S.C. § 2675(a), the plaintiffs brought their complaint before this Court on May 15, 2006. Raikes' central claim is for the intentional infliction of emotional distress. She alleges that, as a result of Winfred's unconsented to sexual touching, she has incurred much mental pain and suffering as well as health care

---

[1] In the prior action, Case No. 1:04-CV-135, the United States Attorney General certified that Winfred was acting within the scope of his employment at the time of the alleged incident. Therefore, the Court substituted the United States as the defendant in this case.

bills and other injuries.  Additionally, Raikes brings a loss of consortium claim for her children, and Raikes' husband brings a loss of consortium claim of his own.[2]

The United States denied the plaintiffs' allegations in its answer filed on September 8, 2006, and moved to dismiss their claims on December 1, 2006 for lack of jurisdiction.  In its motion to dismiss, the United States contends that Raikes' claims arise out of conduct excluded from the FTCA waiver and that, therefore, the United States is immune from a suit predicated on that conduct.

### III.  STANDARD OF REVIEW

In ruling on the United States' Motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court must "apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." <u>Richmond, F. & P. R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citing <u>Trentacosta v. Frontier Pacific Aircraft Industries</u>, 813 F.2d 1553, 1559 (9th Cir. 1987)).  "The moving party should prevail only if the

---

[2] The loss of consortium claims brought on behalf of Raikes' children and by her husband are all derivative on her own claim for loss of consortium. Accordingly, if Raikes' intentional infliction of emotional distress claim fails, her husband and children's loss of consortium claims also fail. <u>West Virginia Fire & Cas. Co. v. Stanley</u>, 216 W. Va. 40, 54 (2004).

3

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>AtlantiGas Corp. v. Columbia Gas Transmission Corp.</u>, 2006 U.S. App. LEXIS 31251, *7 (4th Cir. 2006). Additionally, when jurisdiction is challenged under 12(b)(1), the plaintiff has the burden of pointing to an unequivocal waiver of immunity. <u>Williams v. United States</u>, 50 F.3d 299, 304 (4th Cir. 1995).

## IV.   DISCUSSION

The issue before this Court is whether the plaintiffs have asserted claims for which the United States has waived its immunity under the FTCA. The plaintiffs mischaracterize the issue by asking whether the FTCA allows claims against the United States for the intentional infliction of emotional distress. Rather, the issue is properly framed by asking whether Raikes' claim for intentional infliction of emotional distress and the other plaintiffs' derivative claims are barred because they arise out of an assault or battery and, therefore, fall under the "arising out of" exception to the FTCA waiver of immunity.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>Hercules Inc. v. United States</u>, 516 U.S. 417, 422 (1996)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

(internal quotation marks and citations omitted). Congress waived the United States' sovereign immunity, to an extent, under the FTCA, 28 §§ U.S.C. 1346, 2671 et seq. The FTCA reads in pertinent part:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. at § 1346(b)(1). Congress also provided for certain exceptions to the FTCA waiver. Specifically, the United States remains immune to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h). To rule on the United States' motion to dismiss under Fed. R. Civ. P. 12(b)(1), therefore, the Court must determine if the intentional infliction of emotional distress claims asserted by Raikes arise out of an assault or battery.

The Fourth Circuit has held that the phrase "arising out of" in § 2680(h) signifies a dependance relationship – a claim arises

out of certain conduct if it is "dependant upon" that conduct. Harms v. United States, 1992 U.S. App. LEXIS 20374, *14 (4th Cir. 1992). Harms adopted the reasoning of the Eleventh Circuit in Metz v. United States, 788 F.2d 1528, 1534 (11th Cir.) cert. denied, 479 U.S. 930 (1986), which held that a claim arises out of conduct pursuant to § 2680(h) when the conduct is "essential" to the claim and when "there is no other government conduct upon which such a claim can rest." Id. at 1535.

In the present case, Raikes alleges that she has suffered emotional distress and other injuries solely because of Winfred's unconsented to touching. Clearly, her claim depends entirely upon Winfred's alleged conduct – it is essential to her claim and there is no other government conduct at issue in this case upon which Raikes' claims can rest. See Doe v. United States, 618 F. Supp. 503, 505 (D.S.C. 1984) (granting a Rule 12(b)(1) dismissal of an FTCA claim because the assault and battery claim was the "gravaman" of the claims of intentional infliction of emotional distress). Therefore, the plaintiffs' claims arise out of Winfred's alleged conduct under the meaning of § 2680(h).[3]

---

[3] To the extent that Raikes alleges a negligence claim in Paragraph 19 of the complaint, such claim likewise arises solely from Winfred's conduct. Hughes v. United States, 514 F. Supp 667, 670 (E.D. Va. 1980) (dismissing FTCA negligence claim because without the underlying assault "there would be no cause of action"), affirmed 662 F.2d 219 (4th Cir. 1981).

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Having established the "arising out of" relationship between the plaintiffs' claims and Winfred's alleged conduct, the Court must now consider the nature of that alleged conduct. If the conduct is a type of conduct listed in § 2680(h) as an exception to FTCA waiver, then the plaintiffs' claims are barred by the United States' retained immunity.

    Under the FTCA, a court must determine liability "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Since the alleged conduct took place in West Virginia, this Court must look to West Virginia law to determine its legal significance. The conduct on which the plaintiffs' claims depend falls squarely within West Virginia's definition of battery. In Neiswonger v. Hennessey, 215 W. Va. 749 (W. Va. 2004), the West Virginia Supreme Court of Appeals held that "to be liable for a battery, an actor must act with intention of causing harmful or offensive contact with a person." Id. at 753. By Raikes' own pleading, Winfred allegedly engaged in sexual contact with the intent to cause the harm and offense that gave rise to her claim of intentional infliction of emotional distress. Therefore, the alleged conduct out of which the plaintiffs' claims arise is battery under West Virginia law.

### V. CONCLUSION

The alleged conduct in this case constitutes a battery under West Virginia law, and the plaintiffs' claims arise out of that underlying battery. As a result, the "arising out of" exception to the FTCA's waiver of sovereign immunity applies and bars the plaintiffs' claims against the United States. The Court, therefore, **GRANTS** the Motion to Dismiss of the United States (dkt. no. 18), **CANCELS** the status conference scheduled for **March 13, 2007 at 12:15 p.m.** and **DISMISSES WITH PREJUDICE** Civil Action 1:06-CV-76 from the docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: February 16, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE